UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AEI INCOME & GROWTH FUND 24, LLC and AEI INCOME MANAGEMENT XXI, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE P. PARRISH,[1] MICHAEL E. QUIGLEY, and PQ ENTERPRISES, LLC, <br><br> Defendants. | Civil No. 04-2655 (JRT/FLN) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Daniel C. Beck, Justice E. Lindell, and Thomas H. Boyd, **WINTHROP & WEINSTINE**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for plaintiffs.

David D. Himlie, **HIMLIE LAW OFFICE**, 3400 66th Street West, Suite 325, Edina, MN 55435 and Timothy T. Nipper, **NIPPER LAW OFFICE**, 115 Peninsula Road, Plymouth, MN 55441, for defendant Parrish.

Brian O'Toole and Trey Dolezal, **KASLING O'TOOLE HEMPHILL & DOLEZAL LLP**, 700 Lavaca, Suite 1000, Austin, TX 78701, for defendants Quigley and PQ Enterprises.[2]

---

[1] Parrish filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court, Western District of Texas on December 13, 2004. Pursuant to 11 U.S.C. § 362, this action is therefore stayed with respect to Parrish.

[2] Defendants Quigley and PQ Enterprises were previously represented by Douglas L. Elsass and K. Jon Breyer of Fruth Jamison & Elsass, 80 South Eighth Street, Suite 3902, Minneapolis, MN 55402. The Court permitted Mr. Elsass and Mr. Breyer to withdraw from this case.

AP One entered into an agreement with plaintiffs to lease a restaurant property. Defendants are the guarantors of the lease. The restaurant was not successful enough to meet the lease payments, and in December 2003, AP One defaulted on payments due under the lease. Under the terms of the lease, AP One agreed to pay rent in the amount of $15,968.75 per month for a period of 20 years. Additionally, AP One agreed to pay expenses and costs of maintenance of the property, and all real estate taxes relating to the property. In the event of default, the lease also provides for a penalty of $250/month for each month that any amount of rent remains unpaid and for interest on all overdue payments. The lease also contains an acceleration clause and permits an award of attorneys' fees and costs. Plaintiffs filed the instant lawsuit seeking to hold defendants liable for the default. In an Order dated March 30, 2005, this Court determined that defendants were liable for breach of the lease and permitted plaintiffs to seek related damages. This motion, seeking damages under the terms of the lease, followed. No response was filed by the defendants. Both parties appeared before the Court on Monday June 6, 2005. For the following reasons, the Court grants plaintiffs' motion in part and denies the motion in part.

## ANALYSIS

### I.   Unpaid Monthly Rent

The lease called for monthly payments of $15,968.75. It is undisputed that AP One has not made any payments on the lease since November 2003. Accordingly, the

Court will award plaintiffs $303,406.25[3] in unpaid rent for the period of December 2003 through June 2005.

## II.     Unpaid Expenses and Costs of Maintenance

According to plaintiffs, a total of $65,266 in Public Improvement District Fees,[4] $11,430.16 in Common Area Maintenance Fees,[5] and $73,801.31 in Property Taxes[6] remain unpaid.  The Court will therefore award plaintiffs $150,497.47 in unpaid expenses and maintenance costs.

## III.    Late Charges

The lease states that "[i]f any installment of Rent (whether lump sum, monthly installments, or any other monetary amounts required by this Lease to be paid by Lessee and deemed to constitute Rent hereunder) shall not be paid when due … Lessor shall have the right to charge Lessee a late charge of $250.00 per month for each month (or portion thereof) that any amount of Rent Installment remains unpaid." (Net Lease Article

---

[3] $15,968.75 x 19 months = $303,406.25

[4] $32,633 due in November 2003 + $32,633 due in November 2004 = $65,266.

[5] During the hearing before the Court, plaintiffs indicated that the Common Area Maintenance Fees are an annual charge due each June.  $5,715.08 was billed to AP One on June 1, 2004.  The Court will award twice that amount to account for the June 2005 charge.

[6] Plaintiffs' affidavit states that $35,413.72 was due in 2004 and $38,387.59 was due in 2005.  During the hearing, defendants' attorney stated that these amounts might not be correct.  However, absent a response with appropriate supporting documentation from the defendants, the Court accepts plaintiffs' representations.

29(G).)[7]  Contrary to plaintiffs' contention that this language requires compounding late payments, the Court finds that this clause permits plaintiffs to collect a flat fee of $250 during each month that any amount of rent remains unpaid.  The Court therefore awards plaintiffs $4,750 in late fees for rent unpaid through June 2005.[8]

**IV.   Interest**

The lease states that "Lessee shall pay interest on all overdue payment of Rent or other monetary amounts due hereunder at the rate of fifteen percent (15%) per annum or the highest rate allowed by law, whichever is less, accruing beginning five days after written notice to Lessee that Rent or other monetary amounts properly due and payable were not paid."  (Net Lease Article 4(C).)  During the hearing, plaintiffs informed the Court that they waived the collection of any interest.

**V.   Acceleration Clause**

The lease covers a twenty-year period.  Under the lease, the annual rental amount increases two percent (2%) over the rental amounts for the immediately preceding lease year.  The first such increase would take effect in September 2005.  Under the acceleration clause in the lease, plaintiffs are entitled to:

---

[7] Article 29(I) defines rent as "Rent under Article 4, and any other monetary amounts required by this Lease to be paid by Lessee."  (Net Lease Article 29(I).)  During the hearing, plaintiffs waived any claim to late charges for any "rent" other than the monthly payments due under Article 4.

[8] $250 x 19 months = $4,750.

> **the present value (discounted at a rate of 10% per annum)** of the excess of the amount of Rent and charges equivalent to Rent reserved in this Lease for the remainder of the Term **over the then reasonable rent value** of the Leased Premises (or the actual rents receivable by Lessor, if relet) for the remainder of the Term.

(Net Lease Article 19(D) (emphasis added).) Plaintiff Robert Johnson filed an affidavit based on his own experience in the field asserting that the reasonable rent value of the property is 40% of the lease price. (Fourth Johnson Aff. ¶¶ 17-19.)

The Court finds that the Johnson affidavit provides an insufficient basis to interpret and apply the acceleration clause in the lease. Initially, the Court notes that the Johnson affidavit does not address the meaning of the phrase "the then reasonable rent value," and appears to speak to the "now reasonable rent value." Furthermore, the affidavit provides little in the way of data or information upon which the Court could evaluate the reasonableness of the estimate. Accordingly, the Court will not award damages under the acceleration clause at this time.

## VI. Plaintiffs' Costs and Attorneys' Fees

The lease permits plaintiffs to collect "all reasonable costs, and actual attorneys' fees, including but not limited to attorneys' fees incurred at the trial level and in any appellate or bankruptcy proceeding, and expenses that shall be incurred by the prevailing party in enforcing the covenants, conditions and terms of this lease or defending against an alleged breach, including the costs of reletting." (Net Lease Article 24.) Plaintiffs have submitted an affidavit and billing records showing costs and attorneys' fees of $91,189.84 incurred through March 31, 2005. The Court finds the fees and costs incurred

by the plaintiffs to be reasonable and will therefore grant interim fees in the amount requested.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  Plaintiffs may request additional fees and costs for expenses incurred since March 31, 2005.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' motion for entry of judgment on damages [Docket No. 66] is **GRANTED IN PART.**  Defendants are hereby **ORDERED** to remit to plaintiff a total amount of $549,843.56.[9]

DATED:   July 6, 2005  
at Minneapolis, Minnesota.

                                        s/ John R. Tunheim  
                                          JOHN R. TUNHEIM  
                                        United States District Judge

---

[9] $303,406.25 + $65,266.00 + $11,430.16 + $73,801.31 + $4,750.00 + $91,189.84 = $549,843.56